STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-158

STATE OF LOUISIANA

VERSUS

RANDY KEITH BALDRIDGE, II
A/K/A RANDY BALDRIDGE

**********

ON REMAND FROM THE SUPREME COURT
OF THE
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 85046
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and Jonathan W. Perry, Judges.

CONVICTION VACATED.  REMANDED FOR NEW TRIAL.

Annette Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana  70602-1747
(337) 436-2900
Counsel for Defendant/Appellant:
    Randy Keith Baldridge, II

**Keith A. Stutes**
**District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana  70502-3306**
**(337) 232-5170**
**Counsel for Appellee:**
       **State of Louisiana**

**Jack E. Nickel**
**Assistant District Attorney**
**Post Office Box 288**
**Crowley, Louisiana 70526**
**(337) 788-8831**
**Counsel for Appellee:**
       **State of Louisiana**

**Jeffrey Landry**
**Louisiana Attorney General**
**Colin Clark**
**Chief of Criminal Appellate Section**
**J. Taylor Gray**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Post Office Box 94005**
**Baton Rouge, Louisiana  70804**
**(225) 326-6200**
**Counsel for Other Appellee:**
       **Attorney General of the State of Louisiana**

**KEATY, Judge.**

Defendant, Randy Keith Baldridge, II, was charged with first degree rape but convicted of the lesser offense of indecent behavior with a juvenile, a violation of La.R.S. 14:81. The trial court sentenced Defendant to twenty-five years at hard labor with at least two years to be served without benefit of parole, probation, or suspension of sentence on December 6, 2018.

This court affirmed Defendant's conviction but vacated his sentence as excessive and remanded the case to the trial court for resentencing. *State v. Baldridge*, 19-158 (La.App. 3 Cir. 10/16/19). Defendant timely filed a writ application with the Louisiana Supreme Court on November 8, 2019. One of his assignments of error alleged the unconstitutionality of his eleven-to-one jury verdict.

On June 3, 2020, the Louisiana Supreme Court granted Defendant's writ application on that issue and remanded the case to this court. *State v. Baldridge*, 19-1804 (La. 6/3/20), ___ So.3d ___ (per curiam). For the following reasons, Defendant's conviction is vacated, and this matter is remanded to the trial court for a new trial.

### FACTS, PROCEDURAL BACKGROUND, AND DISCUSSION

After the trial court announced the jury verdict at trial, it noted, "[I]n looking at the [polling] slips I see a parallelity [sic] of 11 to one." On April 20, 2020, the United States Supreme Court held Louisiana's provision for a non-unanimous jury verdict was unconstitutional. *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020). Although the concurring justices did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that non-unanimous verdicts are not permitted by the Sixth Amendment to the Constitution. The prohibition applies to the states through the Equal Protection Clause of the

Fourteenth Amendment. *Id.* at p. 1397; *see also* concurrences by Sotomayor, Kavanaugh, and Thomas, JJ. The decision applies to cases pending on direct review.

As the supreme court noted in its remand, Defendant's case was still in the process of direct review at the time of the *Ramos* decision. Thus, *Ramos* applies and requires Defendant's conviction by a non-unanimous jury to be vacated and this case to be remanded for a new trial.

## DISPOSITION

For the reasons assigned above, Defendant's conviction is vacated, and this case is remanded for a new trial pursuant to *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020).

**CONVICTION VACATED. REMANDED FOR NEW TRIAL.**